Everett A. Rexford and Others, Respondents, v. Walter Tanner, Appellant.— Order affirmed, with costs. All concurred.

John Lindner, as Administrator, etc., of William J. Lindner, Deceased, Respondent, v. The Lake Shore and Michigan Southern Railway Company, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concurred.

Rochester Hotel Corporation, Respondent, v. Foster & Glidden Engineering Company, Appellant.— Order, so far as appealed from, affirmed, with ten dollars costs and disbursements. All concurred, except Spring and Kruse, JJ., who dissented and voted for modification by limiting the amount of costs imposed to the trial fee and disbursements of the trial, besides costs of the motion.

Michael J. Cummings v. Frederick T. Carrington and Others. Frisbie & Stansfield Knitting Company, Appellant; William Pierson Judson and Others, as Commissioners of Varick Canal, Respondents.— Order affirmed, with ten dollars costs and disbursements. All concurred.

Arthur W. Meyers, Appellant, v. Burdette J. Evans, Respondent.— Motion for leave to appeal to Court of Appeals denied, with ten dollars costs.

Charles R. Crosby, Respondent, v. Delos A. Woleben, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to Court of Appeals denied.

Enoch Round, Respondent, v. The Niagara Falls Power Company, Appellant.— Motion for leave to appeal to Court of Appeals denied, with ten dollars costs.

Emma A. Taylor, as Executrix, etc., Appellant, v. New York Life Insurance Company, Respondent.— Motion for reargument denied, with ten dollars costs.

In the Matter of the Application of the Newark and Marion Railway Company for the Appointment of Commissioners to Determine Whether or Not the Railroad Shall Be Operated under Steam Power.—Report of commissioners confirmed, without passing upon the question as to whether the abutting owners are entitled to compensation for the alleged additional burden placed upon their property. All concurred, except Foote, J., who dissented, upon the ground that the special act* under which this proceeding was instituted is invalid in that it does not provide for compensation to the owners of the fee in Pearl street for the added burden due to the operation of the railroad by locomotive steam power.

Turner Construction Company, Respondent, v. Walter D. Uptegraff, Appellant.— Judgment and order affirmed, with costs. All concurred.